## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| FAMILY HEALTH PHYSICAL MEDICINE, LLC, individually and as the representative of a class of similarly-situated persons, | Civil Action No. |
| Plaintiff, | **CLASS ACTION** |
| v. | **COMPLAINT** |
| SELECT MEDICAL CORPORATION, | |
| Defendant. | |

Pursuant to Rules 7 and 8 of the Federal Rules of Civil Procedure, Plaintiff Family Health Physical Medicine, LLC ("Family Health") alleges the following against Defendant Select Medical Corporation ("Select Medical Corporation").

## PARTIES

1. Family Health is an Ohio corporation that operates a physical medicine/chiropractic clinic in Alliance, Ohio.

2. Select Medical Corporation is a Missouri corporation with its principal place of business in Pennsylvania.

3. Select Medical Corporation is a for-profit corporation that derives revenue from the providing of physical therapy services at various facilities in Ohio under the trade name "NovaCare Rehabilitation."

4. Select Medical Corporation owns and/or operates the physical therapy facility located at 550 South Canfield Niles Road in Youngstown, Ohio 44515 under the trade name "NovaCare Rehabilitation."

## FACTS

5. On August 22, 2019, Family Health received a document on its fax machine touting the physical therapy services of "NovaCare Rehabilitation" (the "NovaCare Fax"). A copy of the NovaCare Fax is attached hereto as Exhibit A.

6. The NovaCare Fax advertised the various services of "NovaCare Rehabilitation" such as "Physical Therapy", "Sports Medicine", and "Concussion Rehabilitation."

7. The NovaCare Fax, which was not addressed to anyone, was targeted at medical providers such as Family Health to generate patient referrals to "NovaCare Rehabilitation" facilities.

8. The NovaCare Fax offered to "better serve you and your patients," invited the intended recipients to "make a referral," and promised to "contact your patient and schedule them within 24 hours."

9. The NovaCare Fax was transmitted to Family Health's fax number and received by Family Health's fax machine. Upon receiving this transmission, Family Health's fax machine printed the NovaCare fax onto paper using ink and toner.

## CLAIM FOR RELIEF – VIOLATION OF THE TCPA

10. 47 U.S.C. § 227 is a federal law that is commonly known as the Telephone Consumer Protection Act ("TCPA") or Junk Fax Prevention Act ("JFPA").

11. The TCPA generally prohibits the sending of unsolicited advertisements via facsimile. Specifically, 47 U.S.C. § 227(b)(1)(C) states, in part, as follows:

2

> It shall be unlawful for any person . . . to use any telephone facsimile machine, computer or other device to send, to a telephone facsimile machine, an unsolicited advertisement unless— (i) the unsolicited advertisement is from a sender with an established business relationship with the sender . . . and (iii) the unsolicited advertisement contains a notice meeting the requirements under paragraph (2)(D).

12. 47 U.S.C. § 227(a)(5) of the TCPA defines the term "unsolicited advertisement" as follows:

> The term 'unsolicited advertisement' means any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise.

13. Paragraph (b)(2)(D) of the TCPA sets forth the requirements for an opt-out notice on fax advertisements. These requirements include, among others, that "the notice is clear and conspicuous and on the first page of the unsolicited advertisement" and that "the notice states that the recipient may make a request to the sender of the unsolicited advertisement not to send any future unsolicited advertisements to a telephone facsimile machine and that failure to comply, within the shortest reasonable time, . . . is unlawful."

14. The NovaCare Fax advertised the commercial availability and/or quality of the services of Select Medical Corporation.

15. Select Medical Corporation did not obtain express permission from Family Health before transmitting the NovaCare Fax to the fax number/fax machine of Family Health.

16. The NovaCare Fax did not contain a notice that met the requirements of Paragraph (b)(2)(D) of the TCPA.

## CLASS ACTION ALLEGATIONS

17. Family Health brings this action on behalf of the following persons: "All persons

who (1) on or after four years prior to the filing of this action; (2) were sent the NovaCare Fax or similar material; (3) via facsimile; (4) and for whom Select Medical Corporation has no documents purporting to show the intended recipient's express permission to receive facsimile advertisements from Select Medical Corporation. The persons who meet these criteria are the "putative class members".

18. <u>Numerosity</u>: Based on information, belief, and the appearance of the NovaCare Fax, Select Medical Corporation sent the NovaCare Fax to numerous persons via their fax numbers/fax machines.

19. <u>Commonality:</u> Common questions of law and fact apply to the claims of the putative class members. These include the following:

> (a) Whether the NovaCare Fax is an "unsolicited advertisement" within the meaning of the TCPA;
>
> (b) Whether Select Medical Corporation is the "sender" of the NovaCare Fax within the meaning of the TCPA;
>
> (c) Whether Select Medical Corporation obtained "express invitation or permission" within the meaning of the TCPA from the recipients of the NovaCare Fax prior to transmitting it to them via their fax numbers/fax machines;
>
> (d) Whether the NovaCare Fax contained an opt-out notice that complied with the requirements of the TCPA; and
>
> (e) Whether Select Medical Corporation sent the NovaCare Fax intentionally, was aware of the TCPA at the time, and/or violated the TCPA knowingly.

20. <u>Typicality:</u> Family Health has the same claim under the same federal statute as the other putative class members for their receipt of the NovaCare Fax (and any similar facsimiles). Family Health also has the same damages as the other putative class members for the alleged violation(s) of the TCPA by Select Medical Corporation.

4

21. <u>Adequacy</u>: Family Health has no interests in conflict with the putative class members, has the resources and inclination to prosecute this action to completion, and has retained experienced and competent counsel to assist it in doing so.

22. <u>Predominance</u>: The questions of law and fact common to the putative class members predominate over any questions affecting only individual members because:

   (a) Family Health's claim depends on the same factual and legal issues as the claims of the other putative class members;

   (b) the evidence supporting Select Medical Corporation's likely defenses will come solely from Select Medical Corporation's own records and will not require any information or inquiries from individual class members;

   (c) the damages for the alleged violation(s) of the TCPA by Select Medical Corporation are set by statute and, therefore, will be the same for each and every member of the putative class; and

   (d) the identity of the putative class members can be readily ascertained from Select Medical Corporation's computer, phone, or other business records.

23. <u>Superiority</u>: A class action would be superior to individual actions by the putative class members for the following reasons:

   (a) the damages suffered by any one class member are too low to justify a stand-alone, individual lawsuit;

   (b) the TCPA contains no provision for awarding attorney fees. As such, individual claimants would, as a practical matter, have to proceed *pro se* against a large, sophisticated defendant;

   (c) many of the putative class members are, like Family Health, non-natural entities that would not be permitted to proceed in court *pro se*; and

   (d) the evidence concerning each of the putative class member's claims is so similar that the adjudication of each

5

        on an individual basis would be repetitive, inefficient, and wasteful.

WHEREFORE, Plaintiff Family Health Physical Medicine, LLC demands judgment in its favor and against Defendant Select Medical Corporation as follows:

(1)     that the Court adjudge and decree that the present case may be maintained as a class action, appoint Family Health as the representative of the class, and appoint counsel for Family Health as counsel for the class;

(2)     that the Court award the statutory damages provided by the TCPA to Family Health and the other members of the class for each violation of the TCPA by Select Medical Corporation; and

(3)     that the Court award Family Health an incentive award, pre-judgment interest, post-judgment interest, attorney fees, treble damages, costs, and such other relief as may be just and proper.

        Respectfully submitted,

*/s/ Matthew E. Stubbs*
GEORGE D. JONSON
MATTHEW W. STUBBS
MONTGOMERY JONSON LLP
600 Vine Street, Suite 2650
Cincinnati, OH 45202
Telephone: (513) 241-4722
Facsimile: (513) 768-9227
Email: gjonson@mojolaw.com
       mstubbs@mojolaw.com